IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON B. KILGORE | ) | |
| | ) | |
| v. | ) | 3-06-CV-1490-D |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Stevenson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Cuero, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: After waiving a jury trial and upon his plea of not guilty to the offense of possession of a controlled substance as charged in the indictment returned in No. F-0351697-WU Kilgore was tried in a bench trial at the conclusion of which he was found guilty and sentenced to a term of ten years imprisonment. He effected a direct appeal from his conviction and on March 17, 2005, the Fifth Court of Appeals affirmed his conviction in an unpublished opinion. Kilgore did not file a petition for discretionary review, but subsequently filed an application for

habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which was denied by the Texas Court of Criminal Appeals without written order on June 7, 2006. He then filed the present § 2254 petition.

**Findings and Conclusions**: As his sole ground for relief Kilgore claims that he was denied effective assistance by his trial attorney's failure to preserve error on his motion to suppress.[1] Ineffective assistance of counsel claims are governed by the two-prong test set out in the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). A petitioner must demonstrate "cause" - that counsel's omission was "outside the wide range of professionally competent assistance" required under the Sixth Amendment and "prejudice" - that "but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

A federal court's authority to grant habeas corpus relief in a § 2254 proceeding is further circumscribed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). § 2254 provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] In his memorandum of law attached to his petition he suggests that he was denied full and fair consideration of his claim in the state court system and argues that this court should remand his petition to the state court system or alternatively hold an evidentiary hearing on his claim. A federal court has no authority in a § 2254 petition to remand claims back to the state court system for further review, nor has Petitioner made a sufficient showing to entitle him to an evidentiary hearing in this court.

(2)  resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

A failure to establish either prong of the two-part <u>Strickland</u> test forecloses relief on an ineffective assistance of counsel claim. <u>Strickland</u> at 697. <u>See e.g.</u> <u>United States v. Ridgeway</u>, 321 F.3d 512, 514-15 (5th Cir. 2003) citing <u>Lott v. Hargett</u>, 80 F.3d 161, 167 (5th Cir. 1996). In this instance the court addresses the "prejudice" prong on which Petitioner has failed to carry his burden.[2]

As the record reflects, Kilgore's trial attorney filed a motion to suppress. <u>See</u> No. F-03-51697-WU, Clerk's Record at 17-18. Kilgore waived trial by jury, <u>See</u> WR-64,638-02 at 37, and on January 9, 2004, upon his plea of not guilty, his trial began. The trial judge granted his waiver of jury trial, <u>See</u> Reporter's Record Vol. 1 at 6-7, and confirmed on the record that the motion to suppress was being carried with the trial on the merits. <u>Id.</u> at 8. In the course of Officer Michael J. Mata's testimony, <u>Id.</u> at 7, <u>et seq</u>, he was asked to identify the orange pill bottle containing the crack cocaine, State's Exhibit 1, which he testified that he saw Kilgore throw down. When the prosecution offered the exhibit, Petitioner's counsel stated: "I have no objection." <u>Id.</u> at 35. Although Kilgore did not testify in the guilt-innocence portion of the trial, his attorney examined

---

[2]Although the Fifth Court of Appeals found that Kilgore's trial attorney failed to preserve error on his motion to suppress for appellate review, <u>See</u> No. 05-04-00277-CR, opinion delivered on March 17, 2005, that which is necessary to preserve error for review in Texas is more than a little ambiguous. In circumstances remarkably similar to those in the present case in which the trial judge "carried" the motion to suppress with a jury, the Texas Court of Criminal Appeals distinguished prior reported opinions and held in the "special circumstances" of the case, error was preserved, and the case was remanded to the lower appellate court for merits consideration. <u>Garza v. State</u>, 126 S.W.3d 79, 81-85 (Tex.Crim.App. 2004). Perhaps had Kilgore sought discretionary review by the Court of Criminal Appeals, that court might have explained further whether his counsel's conduct was sufficient to preserve error under the circumstances presented.

3

Officer Mata thoroughly on cross examination and called a second officer who was present at the arrest, Officer Behrends, Id. at 37, as well as Sgt. John Means, Id. at 49.  Trial was continued until February 13, 2004, Reporter's Record Vol. 2 at 2, at which no additional witnesses appeared.  After both sides closed Kilgore's counsel proceeded to address the merits of his motion to suppress, Id. at 4-7; see also 9.  The prosecutor in turn addressed the issues raised with respect to the seizure and arrest.  Id. 10.  Immediately following the prosecutor's argument, the trial judge denied the motion to suppress and found Petitioner guilty.  Conspicuous by its absence is any suggestion by the prosecutor that Petitioner had waived his motion to suppress which was raised for the first time in the State's appellate brief at pages 3-5.

In light of the trial judge's ruling, based upon his belief that the suppression issue had been properly raised and preserved, Kilgore has not shown that but for his attorney's failure to lodge an objection on the record when the prosecution offered State's Exhibit 1, the result of the criminal case would have been different.[3]

As noted above, the Texas Court of Criminal Appeals denied Kilgore's art. 11.07 application on the merits.  In light of the AEDPA relief cannot be granted, unless that court's determination that he was not deprived of the effective assistance of counsel was not only erroneous, but also objectively unreasonable.  See Yarborough v. Gentry, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003).  Petitioner

---

[3]In his answer Respondent argues that under the trial record Kilgore's constitutional rights were not violated.  See answer at pages 14-18.  However, Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 3052 (1976), prohibits a federal habeas court from addressing whether a state court's disposition of a Fourth Amendment claim was correct.

has not met this burden and therefore relief may not be granted.

**RECOMMENDATION**:

    For the foregoing reasons it is recommended that relief be denied.

    A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

    SIGNED this 31st day of January, 2007.

                                                                      WM. F. SANDERSON, JR.
                                                                        UNITED STATES MAGISTRATE JUDGE

**NOTICE**

    In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.